IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANNA M. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-618-PJC |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

**NOW** before the Court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. #22) filed by Plaintiff's Attorney. The Motion (Dkt. #22) is **GRANTED** in part and **DENIED** in part as provided herein.

Counsel seek approval of an attorney fee award of $5,996.35 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel have certified that Plaintiff has been advised of the fee request, but Plaintiff has not responded to counsel's communications. (Dkt. #25). Plaintiff appealed the administrative denial of her application for Social Security benefits to this Court. By Order of this Court, the administrative denial of Plaintiff's application for benefits was reversed and remanded to the Commissioner for further administrative proceedings. (Dkt. #19 and #20).

Attached to the Motion is a Notice from the Social Security Administration ("SSA") dated October 26, 2009, indicating that the SSA was continuing to hold a withheld amount of $5,996.35. (Dkt. #22-3). Counsel explains that, as of the date of the Motion, counsel had not received a copy of the favorable decision by the SSA or a copy of the Notice of Award, but counsel attached a copy

1

of the Notice of Award dated July 24, 2009 to a Supplement. (Dkt. #23-2). The Notice of Award states that past-due benefits of $23,985.40 were to be paid to Plaintiff for the period of May 2005 through June 2009. (Dkt. #23-2). Counsel is seeking an attorney fee pursuant to her Motion of the withheld amount, $5,996.35. The Commissioner declines to assert a position on Plaintiff's Motion, noting that he is not the true party in interest, citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Defendant's Response. (Dkt. #24).

When a claimant appeals to court and is successful, the attorney representing the claimant can be awarded fees for work before the court, up to 25% of the past due benefit award. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) (citing 42 U.S.C. § 406(b)(1)(A)). The court must review a request for fees as an independent check that they are reasonable in a particular case. *Gisbrecht,* 535 U.S. at 807-08.

In the present case, counsel advises that they failed to apply for an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, due to a clerical error. Plaintiff's Motion, Dkt. #22, p. 1. An EAJA application is now time-barred. 28 U.S.C. § 2412(d)(1)(B); *Bryan v. Office of Personnel Management*, 165 F.3d 1315, 1321 (10th Cir.1999).

Several district courts in recent years have found that counsel's failure to seek an EAJA fee award should be taken into account in deciding the reasonableness of a fee application pursuant to Section 406(b)(1). *Rathe v. Social Security Admin*., 2009 WL 2058526 (D. Neb.); *Sangwin v. Astrue*, 2008 WL 5156317 (W.D. Ark.); *Benton v. Commissioner of Social Security*, 2007 WL 2027320 (E.D.N.Y.).

In 2008, the Tenth Circuit reviewed the laws under which attorney fees can be paid to attorneys who represent claimants in social security disability cases. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 932-934 (10th Cir. 2008). First, attorneys who represent a claimant during

administrative proceedings can submit a fee petition to the Commissioner of Social Security. *Id.* at 933 (citing 42 U.S.C. § 406(a)(1)). Second, when a claimant appeals to court, the attorney representing the claimant can also be awarded fees, up to 25% of the past due benefit award, by the court. *Wrenn*, 525 F.3d at 933. A third provision for attorneys fees is that under EAJA. The Tenth Circuit in *Wrenn* stated the following about EAJA fees:

> EAJA fees are assessed against the United States when its actions were not "substantially justified." In the Social Security context, EAJA fees are awarded to the prevailing part in addition to and separate from fees awarded for representation before the court under 42 U.S.C. § 406(b)(1)(A). If both are awarded, attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client[;] they cannot keep both.

*Wrenn*, 525 F.3d at 934 (citations omitted).

Counsel state that, had they filed an EAJA application, it would have been in the amount of $4,542.10. Plaintiff's Motion, Dkt. #22, p.2. Had an EAJA application been made in that amount and granted, then counsel would have been required to refund that amount to Jones if counsel's Section 406(b)(1) application for $5,996.35 were granted. While the Court is not here deciding an EAJA application, it appears that there would have been a colorable claim for those fees. Further, counsel's contract with Jones required counsel to file the EAJA application. (Dkt. #22-2).

In these circumstances, this Court joins the other jurisdictions that have found it appropriate to reduce a Section 406(b)(1) fee request by the amount that may have been awarded had an EAJA request been made. *Rathe*, 2009 WL 2058526; *Sangwin*, 2008 WL 5156317; *Benton,* 2007 WL 2027320. To do otherwise would be to penalize Jones for the clerical error of counsel while giving counsel the full fee earned by them of 25% of Jones' past due benefits. Therefore, the Court finds that a reasonable fee is the 25% withheld amount of $5,996.35, minus the amount which could have been applied for pursuant to EAJA, $4,542.10, resulting in an award of $1,454.25.

Further the amount of $1,454.25 is reasonable because it is consistent with the contract between counsel and Plaintiff and is within the statutory limits of Section 406(b). Plaintiff's attorneys spent 24.8 hours of attorney time and 3.4 hours of paralegal time on the work before this Court, and, using the attorney time only, the requested fee award yields an hourly rate of approximately $59, which is a reasonable hourly rate.

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Tenth Circuit cautioned that a motion for fees under Section 406(b)(1) "should be filed within a reasonable time of the Commissioner's decision awarding benefits." The Court has previously addressed the procedures of this District regarding timing of Section 406(b) fee applications in *Plogger v. Astrue*, 2009 WL 2913442 (N.D. Okla.). As made clear in *Plogger*, the procedure in this District is that counsel should file a motion pursuant to Rule 60(b)(6) promptly after a favorable decision has been issued by the SSA stating that the claimant will receive past-due benefits.

Counsel in this case have explained that they did not receive a copy of the fully favorable decision or of the Notice of Award dated July 24, 2009, and counsel have detailed their efforts to stay informed regarding the status of the proceedings before the SSA. Counsel represent to the Court that their first concrete indication that a Notice of Award had been issued was when they received a "20-day letter" dated October 26, 2009, and counsel state that they filed the instant Motion on November 3, 2009, as soon as they received and processed the 20-day letter. Plaintiff's Motion, Dkt. #22, p. 3. In these circumstances, the Court finds that the instant Motion is timely, but urges counsel to continue their practice of making efforts, as is represented to have been done in this case, to stay informed about the status of SSA proceedings and to file a Rule 60(b)(1) motion in a timely manner after learning of a favorable decision. The procedures outlined in *Plogger* should be followed for future applications for fees pursuant to Section 406(b).

Plaintiff's Motion (Dkt. #22) is hereby **GRANTED** in part as follows.  The Court finds $1,454.25 is a reasonable attorney fee and is hereby awarded to Plaintiff's attorneys.  Plaintiff's Motion is otherwise **DENIED**.

**SO ORDERED** this 7th day of April, 2010.

Paul J. Cleary
United States Magistrate Judge